STATE EX REL. JOHN ARCUDI *v.* PETER J. IASSOGNA

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued June 5—decided June 29, 1973

*Jacob D. Zeldes,* with whom, on the brief, was *Elaine S. Amendola,* for the appellant (plaintiff).

*James F. Stapleton,* with whom were *Donald E. Wasik,* assistant attorney general, and, on the brief, *Robert K. Killian,* attorney general, and *Roy W. Moore III,* for the appellee (defendant).

HOUSE, C. J. This quo warranto action was brought by John Arcudi, hereinafter referred to as the relator, to test the right of Peter J. Iassogna, hereinafter referred to as the respondent, to the office of unemployment compensation commissioner for the fourth district. The relator has appealed

from the judgment of the Superior Court which determined that the respondent had established that he was validly appointed unemployment commissioner for the fourth district. The facts are not in dispute and although other issues were raised in the trial court a single question has been presented for decision on this appeal.

The relator was appointed unemployment commissioner for the fourth district for a term expiring December 31, 1971. On November 23, 1971, the governor appointed the respondent to that position for a term of five years commencing January 1, 1972, and he was sworn in to this office on January 1, 1972. The authority to appoint unemployment commissioners is contained in § 31-238 of the General Statutes and in this statute the sentence controlling the decision in this dispute is that reading: "During the month of October, annually, the governor shall appoint a successor to the unemployment commissioner whose term expires on the January first next following." The single issue on the appeal is whether the appointment of the respondent is valid although it was made on November 23 and not "[d]uring the month of October." The trial court concluded that the words of the statute "[d]uring the month of October" were directory and not mandatory and that the appointment of the respondent was valid although not made in October. The relator has assigned as error these conclusions of the court and claims the office by virtue of the governor's failure to make an appointment of his successor during the month of October.

We have had recent occasion to restate the general test which is to be applied in determining whether the provisions of a statute are mandatory

and imperative, or merely directory. " ' "[T]he test most satisfactory and conclusive is, whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to matter material or immaterial—to matter of convenience or of substance." . . . In the determination . . . as to whether or not a provision . . . is of the essence of the thing to be accomplished . . . significance is to be attached to the nature of the act, . . . the language and form in which the provision is couched.' *Spencer's Appeal,* 78 Conn. 301, 303, 61 A. 1010; see *Broadriver, Inc.* v. *Stamford,* 158 Conn. 522, 529, 265 A.2d 75; *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 68, 82 A.2d 345." *State ex rel. Barnard* v. *Ambrogio,* 162 Conn. 491, 501, 294 A.2d 529. In *Broadriver, Inc.* v. *Stamford,* 158 Conn. 522, 529, 265 A.2d 75, we noted: "Where the thing required to be done is one of substance the statutory provision is mandatory. *State ex rel. Eastern Color Printing Co.* v. *Jenks,* 150 Conn. 444, 451, 190 A.2d 591; *Blake* v. *Meyer,* 145 Conn. 612, 616, 145 A.2d 584. However, '[l]egislative provisions designed to secure order, system and dispatch in proceedings are ordinarily held to be directory where, as here, they are stated in affirmative terms or, to express it differently, are unaccompanied by negative words.' *Winslow* v. *Zoning Board,* 143 Conn. 381, 388, 122 A.2d 789."

These principles were early settled in Connecticut. See *Gallup* v. *Smith,* 59 Conn. 354, 356–57, 22 A. 334, citing the 1837 case of *Colt* v. *Eves,* 12 Conn. 243, and Lord Mansfield's opinion in *Rex* v. *Loxdale,* 1 Burr. 445. It is also the generally accepted rule of interpretation. See 67 C.J.S. 404, Officers, § 114; 82 C.J.S. 876, Statutes, § 379; 3 Sutherland, Stat-

utory Construction (3d Ed.) §§ 5808, 5816. In § 5808, at page 88, Sutherland notes that "[p]rovisions which, although directing action or regulating conduct of public officers, have for their purpose merely the securing of order and dispatch in the conduct of the business of such office, and on which rights of individuals or the public can not be said to depend, are directory only." In § 5816, Sutherland quotes with approval from *State* v. *Industrial Commission,* 233 Wis. 461, 289 N.W. 769: "It has been aptly stated that 'when there is no substantial reason why the thing by statute required to be done might not as well be done after the time prescribed as before; no presumption that, by allowing it to be so done, it may work an injury or wrong; nothing in the act itself, or in other acts relating to the same subject matter, indicating that the legislature did not intend that it should rather be done after the time prescribed than not done at all—the courts will deem the statute directory merely.' " See also 50 Am. Jur. 46, Statutes, § 23; 63 Am. Jur. 2d 790, Public Officers and Employees, § 274.

It clearly appears that the trial court properly applied the settled law in rendering its decision and properly concluded that "[t]he provision of § 31-238 of the Connecticut General Statutes which states that '[d]uring the month of October, annually, the governor shall appoint a successor to the unemployment commissioner whose term expires on the January first next following' is directory, not mandatory" and that "[t]he appointment of respondent on November 23, 1971, for a term to commence January 1, 1972, was valid."

There is no error.

In this opinion the other judges concurred.