Miriam R. Weiss et al. *v.* Town of Newtown
(3044)

Hull, Borden and Daly, Js.

Argued April 10—decision released June 4, 1985

*Joel Z. Green,* with whom, on the brief, was *Daniel Green,* for the appellants (plaintiffs).

*Hugh J. Lavery,* for the appellee (defendant).

Daly, J. The plaintiffs instituted this action to recover a farmland conveyance tax which they paid to the defendant's town clerk. The conveyance tax went into effect on October 1, 1972, after No. 152 of the 1972 Public Acts was enacted on May 18, 1972. This act is now codified as General Statutes § 12-504a, and it provides, essentially, for a conveyance tax on any land classified as farm, forest or open space land which is sold within ten years of classification or acquisition. *East Village Associates, Inc.* v. *Monroe,* 173 Conn. 328, 330, 378 A.2d 1092 (1977). From a judgment rendered in

favor of the defendant by the trial court, the plaintiffs have appealed.

A summary of the stipulation of facts indicates that the plaintiffs were owners, during the relevant time period, of two parcels of land located in the defendant town. Prior to June, 1973, these parcels were classified as farmland by the defendant's tax assessor and taxed accordingly. Real property is assessed annually by the defendant on October 1. On October 26, 1972, the plaintiffs applied to the tax assessor to renew the farmland classification. On December 14, 1972, the tax assessor filed, with the town clerk, a document against the plaintiff's premises pursuant to General Statutes § 12-504f.[1]

On April 2, 1973, the plaintiffs entered into a contract to sell the land for $120,000. When the town clerk refused to record the deed of conveyance,[2] the plaintiffs paid the sum of $3600 for the conveyance tax while reserving the right to challenge its validity. When the defendant would not rebate the conveyance tax, the plaintiffs initiated this action for its return.

The plaintiffs claim that since the document filed on the Newtown land records was not filed within sixty days of the assessment date and was not signed by the tax assessor, the defendant was not authorized to collect the farmland conveyance tax. The trial court held

[1] General Statutes (Rev. to 1972) § 12-504f provides in pertinent part: "The tax assessor shall file annually, not later than sixty days after the assessment date, with the town clerk a certificate for any land which has been classified as farm land . . . which certificate shall be recorded in the land records of such town." This section became effective on June 19, 1972.

[2] General Statutes (Rev. to 1972) § 12-504b provides in pertinent part: "No deed or other instrument of conveyance which is subject to tax . . . shall be recorded by any town clerk unless the tax imposed . . . has been paid."

that the provisions involved were not mandatory but were merely directory. We agree.

" 'For the reason that individuals or the public should not be made to suffer for the dereliction of public officers, provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory.' 2A Sutherland, Statutory Construction (4th Ed. Sands) § 57.19. Unless there is reason to believe that the legislature intended that the duty not be performed at all except within the time prescribed or that the time restriction should be considered a limitation upon the power of the tardy officer, failure to act within the time specified should not invalidate the action taken. Id. 'It is of course difficult to lay down a general rule to determine in all cases when the provisions of a statute are merely directory and when mandatory or imperative, but, of all the rules mentioned, the test most satisfactory and conclusive is, whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to matter material or immaterial—to matter of convenience or of substance.' *Gallup* v. *Smith,* 59 Conn. 354, 358, 22 A. 334 (1890); see *Engle* v. *Personnel Appeal Board,* 175 Conn. 127, 130, 394 A.2d 731 (1978)." *Tramontano* v. *Dilieto,* 192 Conn. 426, 432, 472 A.2d 768 (1984).

In determining whether a provision is of the essence of the thing to be accomplished, significance is to be attached to the nature of the act, and the language and form in which the provision is couched. The statutory provision is mandatory where the thing required to be done is one of substance. Legislative provisions, however, are ordinarily held to be directory where they are designed to secure order, system and dispatch in proceedings, and where they are stated in affirmative

terms, or are unaccompanied by negative words. *State ex rel. Arcudi* v. *Iassogna,* 165 Conn. 203, 205, 332 A.2d 90 (1973).

These principles have long been settled in Connecticut, and it is also the generally accepted rule of interpretation. Id. " 'It has been aptly stated that "when there is no substantial reason why the thing by statute required to be done might not as well be done after the time prescribed as before; no presumption that, by allowing it to be so done, it may work an injury or wrong; nothing in the act itself, or in other acts relating to the same subject matter, indicating that the legislature did not intend that it should rather be done after the time prescribed than not done at all—the courts will deem the statute directory merely." ' See also 50 Am. Jur. 46, Statutes, § 23; 63 Am. Jur. 2d 790, Public Officers and Employees, § 274." *State ex rel. Arcudi* v. *Iassogna,* supra, 206.

It has been held previously that acts of a public official performed at a time beyond the limit prescribed are nevertheless effective. *State ex rel. Arcudi* v. *Iassogna,* supra, 204 (appointment of unemployment commissioner after expiration of date prescribed by statute); *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 554, 235 A.2d 643 (1967) (decision rendered by zoning board of appeals after time limited by statute); *Colt* v. *Eves,* 12 Conn. 243, 254–55 (1837) (selection of names on jury list after date prescribed).

Our Supreme Court has "consistently shown 'a disposition to look through the literal meaning of words and forms of procedure to the essential purposes to be served.' *Conners* v. *New Haven,* 101 Conn. 191, 198, 125 A. 375 (1924). The use of the word 'shall,' though significant, does not invariably create a mandatory duty because statutes must be construed as a whole to ascertain the legislative intention." *Tramontano* v. *Dilieto,* supra, 433–34.

It clearly appears that the trial court properly applied the settled law in rendering its decision and properly concluded that the provision of General Statutes (Rev. to 1972) § 12-504f that "[t]he tax assessor shall file annually, not later than sixty days after the assessment date . . . " is directory and not mandatory.

In construing a statute, "words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly." General Statutes § 1-1 (a).

General Statutes (Rev. to 1972) § 12-504f requires that a certificate be filed by the tax assessor, but does not specify whether the certificate must be signed. "Certificate" is defined as follows: "[A] signed, written or printed testimony to the truth of something." Webster, Third New International Dictionary. "A document testifying to a fact, qualification or promise." American Heritage Dictionary. "A written assurance, or official representation, that some act has or has not been done, or some event occurred, or some legal formality has been complied with." Black's Law Dictionary.

Thus, the dictionary definitions do not require that a "certificate" be signed. Of course, it would have been the better practice for the tax assessor to have signed the document. Here, however, the document was captioned as a Newtown town record, and it is not disputed that the assessor in fact prepared and filed it. We conclude, therefore, that the statutory requirements have been complied with.

There is no error.

In this opinion the other judges concurred.