LYNDA BLAU *v.* STATE BOARD
OF EDUCATION ET AL.
(7652)
(7653)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued June 13—decision released August 22, 1989

*Diane Woodfield Whitney,* assistant attorney general, with whom were, *Victor Schoen* and, on the brief, *Cla-*

*rine Nardi Riddle,* acting attorney general, and *John R. Whelan,* assistant attorney general, for the appellants (defendants).

*Edward J. Peters, Jr.,* with whom, on the brief, was *Anthony C. Polvino,* for the appellee (plaintiff).

ˊ DALY, J. The defendants, the state board of education and the town of East Hampton board of education, appeal from the judgment of the trial court sustaining the plaintiff's appeal. The defendants claim that the trial court erred (1) in failing to grant their motions to dismiss, (2) in sustaining the plaintiff's appeal, and (3) in ordering the defendants to provide the plaintiff's requested relief, rather than remanding the matter for reconsideration. We find error in part.

The trial court found the following facts. On August 21, 1987, the plaintiff filed a petition with the defendant town of East Hampton board of education (town board) seeking bus transportation for her son pursuant to General Statutes § 10-186. The town was, at that time, providing the plaintiff's son with bus transportation to school, but the plaintiff sought to have her son picked up at their residence rather than at the established bus stop. After a hearing, the town board denied the petition. The plaintiff appealed the decision to the defendant state board of education (state board) pursuant to General Statutes § 10-186 (b) (2). Thereafter, the parties discovered that the tape recording of the hearing before the town board was inaudible and could not be reduced to writing as required by § 10-186 (b) (1). A new hearing was held before the town board, which again denied the petition.

On November 20, 1987, the plaintiff recertified her appeal to the state board. The state board, pursuant to § 10-186 (b) (2), appointed a hearing board. The hearing was held on December 9, 1987. The hearing board

rendered its decision dismissing the appeal on January 28, 1988, by filing its decision with the state board.

The plaintiff then filed her appeal to the Superior Court pursuant to General Statutes §§ 10-187 and 4-183. On December 6, 1988, the trial court sustained the plaintiff's appeal on the basis of the late filing of the hearing board's decision, in violation of § 10-186 (b) (3), and ordered the town board to furnish transportation for the plaintiff's son from their residence.

The defendants' first claim is that the trial court erred in denying their motions to dismiss the plaintiff's appeal. The defendants advance the same argument raised before the trial court, namely, that the allegations of fact contained in the plaintiff's complaint are insufficient to constitute aggrievement.

Pleading and proof of aggrievement is a prerequisite to a trial court's jurisdiction over the subject matter of an appeal. *Beckish* v. *Manafort,* 175 Conn. 415, 419, 399 A.2d 1274 (1978). Unless a party can establish aggrievement, that party has no standing to appeal. General Statutes § 4-183 (a). Moreover, the mere statement that the party is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient for a court to determine aggrievement. *Beckish* v. *Manafort,* supra.

The third paragraph of the plaintiff's complaint stated "[o]n or about September 8, 1987, the defendant town board issued its findings of facts, conclusions and decision denying the petition of the plaintiff. Plaintiff was, and remains, aggrieved by this decision." Paragraphs eleven and twelve alleged the plaintiff's continuing aggrievement due to the state board's denial of her appeal from the town board's decision. The record reveals that the complaint sufficiently alleged that the plaintiff was aggrieved when the defendants failed to alter the school bus stop to the front of her residence,

despite her claim that she was so entitled. See, e.g., *Waterford* v. *State Board of Education,* 148 Conn. 238, 169 A.2d 891 (1961) (failure of town to provide transportation that is reasonable and desirable is failure to furnish "school accommodations").

The question of aggrievement is a factual one to be determined by the court on appeal; *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 508, 242 A.2d 705 (1968); and the decision cannot be overturned or modified unless it is clearly erroneous in view of the evidence and pleadings in the whole record. Practice Book § 4061. We conclude that the trial court did not err in denying the defendants' motions to dismiss for lack of aggrievement.

The defendants next claim that the trial court erred in sustaining the plaintiff's appeal. The court sustained the appeal on the sole basis that the hearing officer filed his decision outside the time limit set forth in General Statutes § 10-186 (b) (3),[1] which limit it held to be mandatory. The defendants argue that the time limit provision is directory, not mandatory. We agree.

" ' "For the reason that individuals or the public should not be made to suffer for the dereliction of public officers, provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory." 2A Sutherland, Statutory Construction (4th Ed. Sands) § 57.19. Unless there is a reason to believe that the legislature intended that the duty not be performed at all except within the time prescribed or that the time restriction should be considered a limitation upon the power of the tardy officer, failure to act within the time specified should not invalidate the action taken. Id. . . .' *Tramontano* v.

---

[1] General Statutes § 10-186 (b) (3) provides in relevant part: "The hearing board shall render its decision within forty-five days after receipt of the notice of appeal."

*Dilieto,* 192 Conn. 426, 432, 472 A.2d 768 (1984)." *Weiss* v. *Newtown,* 4 Conn. App. 200, 202, 493 A.2d 273 (1985). In *Weiss,* we noted that our courts have previously held, on three occasions, that acts of a public official performed at a time beyond the limit prescribed in the statute are nevertheless effective. Id., 203.

One of the more reliable guides in determining whether a statutory provision is directory or mandatory is whether the provision is accompanied by language that expressly invalidates any action taken after noncompliance with the provision. *State* v. *One 1976 Chevrolet Van,* 19 Conn. App. 195, 198, 562 A.2d 62 (1989); *Ruotolo* v. *Inland Wetlands Agency,* 18 Conn. App. 440, 448, 558 A.2d 1021 (1989). No such "invalidating" language appears in § 10-186 (b) (3).

Our review of the statute and the law leads us to conclude that the time limit provision in § 10-186 (b) (3) is directory, not mandatory. Accordingly, we hold that the trial court erred in sustaining the plaintiff's appeal and remand the case for a full review on the merits.[2]

There is error, the judgment is set aside and the case is remanded to the trial court for a review on the merits.

In this opinion the other judges concurred.

[2] Our disposition of the defendants' second claim of error makes it unnecessary for us to review their final claim.