[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. FACTS
This is an administrative appeal brought by the plaintiff, Lois Carreira, from the decision of an Impartial Hearing Board of the State Department of Education. This case arises out of a long standing dispute between the plaintiff and the Board of Education for Regional School District #12 ("The Board"). Region #12 encompasses the towns of Bridgewater, Roxbury, and Washington. The plaintiff, a resident of Bridgewater, is the mother of Wendy Carreira (age 12) and Brian Carreira (age 15). Both children are full time students at Region #12 Shepaug Valley Middle/High School.
The plaintiff alleges that the bus stop at the intersection of Old Town Highway and Route 67, where her children are picked up and CT Page 9176 dropped off, is hazardous. On numerous occasions, through letters and phone calls, the plaintiff requested the superintendent's office of Region #12 and the Board to relocate the bus stop. On December 14, 1992, at an informal hearing of the Board, the plaintiff requested a relocation of the stop and was denied. In January 1993, the plaintiff requested a formal hearing before the Board.
On February 10, 1993, a formal Board hearing was held at Shepaug Valley Middle/High School in Washington, Connecticut. The hearing was chaired by Attorney Katherine Vines-Cook. The plaintiff and Region #12's administration were represented by counsel and both parties submitted documentary exhibits, presented the testimony of a number of witnesses, and made oral argument.(Record, 2. 3. B). An audio tape recording was made of the proceedings. Following the argument portion of the hearing, the Board adjourned for the evening. (Record, 2. 3. F).
On February 18, 1993 the Board reconvened to deliberate on the plaintiff's request. On a motion by a member of the Board, the Board voted to deliberate in Executive Session. (Record, 2. 3. G.6). The Executive Session lasted approximately two and one half hours and was closed to the public. No record was made of the Board's discussions or deliberations. By a vote of eight to two (two Board members recused themselves) the Board denied the plaintiff's request. (Record, 2. 3. C.). By letter dated February 19, 1993, the Board issued its decision and its Findings of Fact. The Board concluded that the bus stop in question complied with the terms of Region #12's Transportation Policy and constituted neither a hazardous condition nor a hazard pursuant to such policies. The plaintiff's petition was denied. (Record, 2. 3. D, para. 8).
On March 1, 1993, pursuant to General Statutes § 10-186, the plaintiff appealed the decision of the Board to the State Department of Education. The plaintiff alleged that the decision of the Board was arbitrary, capricious, or unreasonable for the following reasons: (a) the Board ignored evidence of a recent fatal motor vehicle accident in the vicinity of the stop; (b) the Board offered no credible evidence that the bus stop was objectively safe, only testimony that the bus stop met certain sections of its regulations; (c) the Board misstated petitioner's request to imply petitioner wanted "door to door" service; (d) the Board ignored testimony of Trooper Porter, based on facts, that the existing westbound and eastbound stops were unsafe; (e) the Board had prepared and typed its "Findings of Fact" and conclusions prior to CT Page 9177 deliberations; and (f) the Board went into Executive Session to consider the matter, depriving petitioner of a record of what was considered by the Board. (Record, 4. E, pg. 4.).
The State Department of Education appointed attorney Barbara B. Sacks to act as an Impartial Hearing Board ("IHB"). On March 25, 1993, the IHB convened a hearing to review the decision of the Board. Both parties were again represented by counsel and submitted documentary and testimonial evidence, as well as oral and written argument. On April 5, 1993, the IHB issued a decision, dismissing the plaintiff's appeal. (Record, 4. E).
In her decision, the IHB noted numerous procedural and evidentiary errors at the Board hearing. Specifically, the IHB stated that the action of the Board in conducting deliberations in Executive Session violated the Connecticut Freedom of Information Act, General Statutes § 1-18a et seq. (Record, 4. E, pg. 8).
Further, the IHB ruled that the Board violated the rules of evidence and administrative procedure by permitting a witness to read a previously excluded document into the record. (Record, 4. E,pg. 8).
Despite these procedural irregularities, the IHB concluded that the plaintiff failed to prove that she was prejudiced by the errors at the February 10, 1993 hearing or at the special Executive Session of February 18, 1992. The IHB held further that the plaintiff failed to prove her substantive claims of Board error.(Record, 4. E. pg. 7-8). The IHB concluded that the decision of the Board was not arbitrary, capricious, or unreasonable. (Record, 4.E. pg. 8).
On April 19, 1993, pursuant to General Statutes § 4-181a, the plaintiff requested reconsideration of the IHB's decision on a number of grounds. (Record, 4. F). On May 10, 1993, the IHB denied the motion. The IHB concluded that the plaintiff's claimed grounds for reconsideration were not warranted and would not constitute sufficient cause to reconsider. (Record, 4. G).
The plaintiff now brings this action, pursuant to General Statutes § 4-183, seeking a reversal of the IHB's decision. Originally, the plaintiff brought this appeal from the decisions of both the Region #12 School Board and the State Board of Education. On September 5, 1993, however, the plaintiff withdrew her action against Region #12. On May 16, 1994, this court (Dranginis, J.), convened a hearing on the plaintiff's appeal at which counsel for CT Page 9178 the plaintiff and the State Board of Education offered brief argument. Furthermore, both parties have submitted memoranda of law in support of their respective claims.
II. SCOPE OF REVIEW
The scope of judicial review on administrative appeals is very restricted. Buckley v. Muzio, 200 Conn. 1, 3, 509 A.2d 489 (1986). The trial court may not retry the case or substitute its own judgment for that of the administrative agency. General Statutes§ 4-183(i); Board of Education v. Freedom of Information Commission,208 Conn. 442, 452, 545 A.2d 1064 (1988). The court's ultimate duty is only to decide whether, in light of the evidence, [the IHB] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. Id. Conclusions of law reached by [the IHB] must stand if the court determines that they result from a correct application of the law to the facts found and could reasonably and logically follow from such facts. Board of Education v. State Board of LaborRelations, 217 Conn. 110, 120, 584 A.2d 1172 (1991). The question is not whether the reviewing court would have reached the same conclusion but whether the record before the hearing board supports the hearing boards's action. O'Donnell v. Police Commissioner,174 Conn. 422, 426, 389 A.2d 739 (1978).
III. AGGRIEVEMENT
Pleading and proof of aggrievement is a prerequisite to a trial court's jurisdiction over the subject matter of an appeal.Blau v. State Board of Education, 19 Conn. App. 428, 430,562 A.2d 586 (1989). Unless a party can establish aggrievement, that party has no standing to appeal. Id. At the hearing before this court, counsel for the defendant conceded that the plaintiff is an aggrieved party of the decisions of the local Board and the IHB. Accordingly, the plaintiff has fulfilled the aggrievement requirement and the court has jurisdiction to hear her appeal. SeeBoyd v. Department of Motor Vehicles, 8 CSCR 989 (September 3, 1993, Booth, J.).
IV. DISCUSSION
In her amended complaint dated September 29, 1993, the plaintiff alleges that the IHB erred in a number of ways. The plaintiff's brief, however, does not address many of the allegations in her complaint. Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be CT Page 9179 deemed abandoned and will not be reviewed by the court. (Citation omitted.) State v. Ramsundar, 204 Conn. 4, 16, 526 A.2d 1311
(1987); see also DeMilo v. West Haven, 189 Conn. 671, 681-82 n. 8,458 A.2d 362 (1983). The court will review the following issues which are raised in the plaintiff's brief: (1) the plaintiff was prejudicially denied a complete record for the IHB hearing because the Board deliberated in an improper Executive Session; (2) the Board's Findings of Fact were typed prior to its deliberations in violation of General Statutes § 4-183(i) and (j); and (3) the IHB erroneously found that the exception provision of the local transportation policy was considered.
A.
The plaintiff initially argues that the local Board deprived the public and the plaintiff of a record by withdrawing into Executive Session on February 18, 1993 and deliberating in private. The plaintiff asserts that this placed an impermissible burden of proof upon the plaintiff in her hearing before the IHB because she was denied a record for review of those deliberations. The plaintiff therefore concludes that the IHB erroneously found that this procedural error was harmless.
The IHB did determine that the Board's Executive Session on February 18, 1993, was improperly convened. However, General Statutes § 4-183(j), in pertinent part, provides: "The court shall affirm the decision of the agency unless the court finds that the substantial rights of the person appealing have been prejudiced
because the administrative findings, inferences, conclusions, or decisions are: . . . . (3) made upon unlawful procedure . . . ." (Emphasis added.) General Statutes § 4-183(j). Based on her review of the record and the particular factual circumstances, the IHB ruled that the Board procedural errors and violations were harmless. (Record,4. E. pg. 9). The IHB reached this conclusion in part by applying Region #12's transportation policy, No. 3540.2, to the facts of the case. That policy, in pertinent part, provides:
Part I. Definitions.
 § 5. "Hazard" means a thing or condition, as prescribed in these policies, affecting the safety of pupils walking to and from school, or a designated bus pick-up area; a possible source of peril, danger, duress or difficulty (cf. Webster), exposure to molestation or attack considered morally degrading or physically harmful. CT Page 9180
 Part II. Hazardous Conditions
 § 4. Any street, road or highway which has no sidewalks or raised walk areas shall be deemed hazardous for pupils under eleven years of age, or enrolled in grades K through 5, if any one of the following conditions exist. But for pupils over age eleven, or enrolled in grades 6 through 12, such road, street, or highways shall be deemed hazardous when two or more of the following conditions exist:
 (a) There exists a line-of-site obstruction caused by a hill, curve, structure, out-cropping, land form, planting, snowbank, or other obscuring object or structure which maybe safely negotiated by vehicles only at speeds under fifteen miles per hour.
 (b) The traffic count is greater than sixty vehicles per hour during the time that pupils were walking to and from school.
 (c) Man-made hazards including attractive nuisances are present.
 (d) The roadway available to vehicles does not have a minimum width of twenty-two feet.
 (e) The roadway available to vehicles, when plowed free of snow accumulations, does not have a minimum width of twenty-two feet.
 (f) Any street, road, or highway possessing a speed limit in excess of fifty miles per hour.
 (g) For pupils in grades K through 5, a lake, pond, stream, culvert, waterway, or bridge shall be deemed a hazard in the absence of a fence or other suitable barrier fixed between the pupil and the water.
 (h) Any area adjacent to a roadway, waterway, sidewalk, or bridge having a drop of three or more feet per four feet of travel length on either side of the established lanes without a fence or other suitable barrier shall be deemed a hazard. CT Page 9181
 (i) Any street, road, walkway, sidewalk, or path designated as a walking route for all school pupils which passes through an area which has a history of aggrieve acts or molestation resulting in actual or threatened harm or moral degradation during the hours when pupils ordinarily walk to and from school shall be deemed hazardous.
 (j) A situation shall be considered hazardous wherein a board of education requires a pupil under age fourteen, or enrolled in a grade K through 8 or equivalent, to walk to or from school at any time prior to one-half hour before sunrise or anytime one-half hour after sunset.
 § 8 The Board of Education may grant an exception to any provision of this policy wherein a particular condition or combination of conditions renders such condition a hazard based upon reasonable judgment.
(Emphasis added.) § 3540.2
The plaintiff's two children are above the age of eleven. Pursuant to the policy's definition of hazardous conditions, the bus stop in question will only be deemed hazardous if two or more of the above listed hazards are present. see § II, Para. 4. The IHB examined the above listed criteria and determined that there was no substantial evidence in the record that any "hazardous conditions" existed at the bus stop in question except for a traffic count in excess of sixty vehicles per hour. (Record, 4. E. pg. 13). This court has examined the record of the proceedings before the local Board and the IHB and also finds no substantial evidence of a second "hazardous condition" which would dictate that the subject bus stop be deemed hazardous. Moreover, the plaintiff has failed to direct the court to any evidence in the record of a second "hazardous condition." Rather, the plaintiff argues that the IHB erroneously failed to utilize an "objective" standard for determining whether or not a hazardous condition existed.
Although the construction and interpretation of a statute is a question of law for the courts to decide . . . . it is well established that "the interpretation of a statute by an agency created to administer that statute is traditionally afforded great deference." E.I.S. v. Board of Registration, 200 Conn. 145, 148,509 A.2d 1056 (1986). An agency's practical construction of the statute, if reasonable, is high evidence of what the law is. CosCT Page 9182Cob Volunteer Fire Co. v. Freedom of Information Commission,212 Conn. 100, 106, 561 A.2d 429 (1989). This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where the parties to an administrative appeal advance different interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned so long as it is plausible and not unreasonable. Starr v. Commissioner of EnvironmentalProtection, 226 Conn. 358, 376, 627 A.2d 1296 (1993).
The IHB ruled that the Board properly interpreted its transportation policy to require the plaintiff to prove the existence of two "hazardous conditions" in order to deem the bus stop hazardous. The court views this interpretation of the transportation policy to be reasonable and plausible from a plain reading of the applicable policy sections. The IHB's decision that the Board's procedural errors were not prejudicial to the plaintiff is adequately supported by the record.
B.
The plaintiff argues further that the IHB erred in failing to find that the Board had prepared and typed its Findings of Fact and conclusions prior to conducting deliberations. The court has examined the record of all hearings and concludes that the IHB did not err in any manner in failing to make such a finding.
C.
The plaintiff argues finally that the IHB erred in finding that the exception provision of the transportation policy had been considered by the local Board.[1] The plaintiff asserts that this was not in the record before the IHB, nor offered at the IHB hearing on March 25, 1993. The plaintiff directs the court to the testimony before the IHB of the plaintiff's witness, Board member James Gustin. Gustin testified that he did not recall the word "exception being used." (Record, 4. J. pg. 70). However, in his continued response to the same question, Mr. Gustin proceeds to state ". . . . I think there was, in the spirit of an exception, quite a lengthy discussion . . . ." (Record, 4. J. pg. 70).
The court finds that the record of the Board hearing and the hearing before the IHB amply support the IHB's finding that the local Board correctly applied its transportation policy, including the exception provision. (Record, 4. E., pg. 8). Therefore, the CT Page 9183 IHB's decision is affirmed.
The plaintiff's appeal is dismissed.
DRANGINIS, J.