[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
CT Page 12163
The plaintiff, Reina Miller, applied to the defendant Zoning Board of Appeals of the Town of Orange for a variance concerning property located at 376 Spring Street.
The property for which the variance is sought consists of 28,245 square feet, with frontage on Spring Street.
The plaintiff is, and was at the time of the application, the record owner of a portion of the contemplated parcel, consisting of Lots 1623 and 1624, as shown on the "Tyler City" subdivision map, recorded in 1872 (ROR 6 7; Ex. 1 Ex. 2).
These two parcels each measure fifty by 105 feet, and have a combined area of 10,500 square feet.
The balance of the parcel for which the variance is sought, consists of 17,745 square feet, and is owned by the applicant's father, Michael A. Miller.
The land is currently contained within a parcel known as 380 Spring Street, where Michael A. Miller resides.
Michael Miller has pledged to make a gift of the 17,745 square foot parcel to his daughter, in order to form the 28,245 square foot parcel for which the variance was requested (ROR 1; Ex. A).
In her application for the variances, the plaintiff stated that she "has an option" on the 17,745 square foot parcel. (ROR 1, p. 4).
The variance application seeks to vary two sections of the Orange Zoning Regulations, § 21.3.1, regarding the 60,000 square foot requirement for a house served by well water, and § 21.3.2, which mandates lot dimensions of 160 feet square.
The defendants Lewis Cohen, Jennifer Cohen, Richard Chandler and Cynthia Chandler own property which abuts the parcel contemplated by the plaintiff's application for a variance (Ex. A)
A hearing on the variance requests was conducted by the Zoning Board of Appeals of the Town of Orange on September 11, 2000.
The board unanimously rejected the variance requests, following a public hearing, but declined to state its reasons for the denial as required by § 8-7[1] of the Connecticut General Statutes.
The plaintiff instituted this appeal, following publication of CT Page 12164 the decision on September 19, 2000.
The defendants Lewis and Jennifer Cohen and Richard and Cynthia Chandler requested to be made party defendants to the appeal by motion dated November 13, 2000.
The motion was granted by the court (Grogins, J.) On December 4, 2000.
AGGRIEVEMENT
At trial, the plaintiff, Reina Miller, testified that she was the owner of Lots 1623 and 1624, each of which is a fifty by 105 foot parcel, consisting of 5,250 square feet.
She purchased both in August of 1999, at a cost of $7,190 per lot (ROR 6 7; Ex. 1 2).
She acquired Lot 1623 from "Francesco V. Zanetti, Trustee for Robert W. Zanetti and Cinzia E. Zanetti," and Lot 1624 from "Francesco Zanetti and Riccarda Zanetti."
She has no ownership interest in the 17,745 square feet portion of the parcel included in the application for a variance, and owned by her father.
Michael A. Miller, although not a party either to the application for a variance or this appeal, testified that he intends to "gift" the 17,745 square foot portion of the parcel to his daughter, for the purpose of constructing a house on the combined parcels.
Michael A. Miller occupies a dwelling located at 380 Spring Street, adjacent to and including part of the property for which the variance is requested.
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307 (1991);Lewin v. United States Surgical Corporation, 21 Conn. App. 629, 631
(1990).
The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 508 (1968).
A party claiming to be aggrieved, must produce evidence at trial which satisfies a two-fold test: 1) the party must demonstrate a specific personal and legal interest in the decision appealed from, as distinct CT Page 12165 from a general interest such as concern of all members of the community as a whole, and 2) the party must show that the specific personal interest has been specifically and injuriously affected by the action of the agency. Primerica v. Planning Zoning Commission, 211 Conn. 85, 93
(1989); Hall v. Planning Commission, 181 Conn. 442, 444 (1980).
The plaintiff has established ownership to a portion of the property which is the subject of the application.
Ownership of property, which is the subject of an application, demonstrates a personal and legal interest in the subject matter of the decision. Huck v. Inland Wetlands Watercourses Commission, 203 Conn. 525,530 (1987); Bossert Corporation v. Norwalk, 157 Conn. 279, 285 (1968).
However, concerning the remaining portion of the 28,245 square feet parcel, for which a variance is sought, Reina Miller has no ownership interest.
She has no interest by way of a purchase contract, written option or otherwise, in the balance of the property, owned by her father, would justify a finding of aggrievement. Shapero v. Zoning Board, 192 Conn. 367,376 (1984); Lanna v. Green, 175 Conn. 453, 461 (1978); Goodridge v.Zoning Board of Appeals, 58 Conn. App. 760, 767 (2000); Goldfield v.Planning Zoning Commission, 3 Conn. App. 172, 176 (1985).
The plaintiff relies, not on an ownership interest in the property, but upon the testimony of her father that he intends to convey a portion of the property to her, in order to establish a personal and legal interest in the subject matter of the proceeding.
Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been affected. Pomazi v. Conservation Commission, 220 Conn. 476, 483 (1991);O'Leary v. McGuinness, 140 Conn. 80, 83 (1953).
It is not necessary for one demonstrating aggrievement to have actual ownership or a legal interest in the property in question. A court should focus on a plaintiff's ultimate goal, in determining whether aggrievement has been proven. DiBonaventura v. Zoning Board of Appeals,24 Conn. App. 369, 376 (1991).
The plaintiff's stated objective is to combine the parcel to be gifted to her by her father, with the parcels to which she already holds title.
This, coupled with her father's sworn testimony concerning his intention to convey the property which he owns, is sufficient to CT Page 12166 satisfy the first prong of the classical aggrievement test.
The denial of the requested variances demonstrates that the plaintiff's personal and legal interest has been specifically and injuriously affected.
It is found that the plaintiff, Reina Miller, is aggrieved by the decision of the defendant Zoning Board of Appeals of the Town of Orange.
STANDARD OF REVIEW
The powers of a zoning board of appeals are derived from § 8-6
(3) of the Connecticut General Statutes.
Pursuant to that section, a zoning board of appeals has the power:
 "(3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent, and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . .
In discharging the responsibilities with which it is vested, a zoning board of appeals is endowed with liberal discretion, and its decisions are subject to review by courts only to determine whether the board has acted arbitrarily, illegally or unreasonably. Pleasant View FarmsDevelopment, Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269 (1991);Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654 (1980).
The burden of demonstrating that a board has acted improperly, is upon the party seeking to overturn the board's decision. Adolphson v. ZoningBoard of Appeals, 205 Conn. 703, 707 (1985).
A reviewing court must not substitute its judgment, for that of the board. Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206 (1995);Haines v. Zoning Board of Appeals, 26 Conn. App. 198, 190 (1991); Molicv. Zoning Board of Appeals, 18 Conn. App. 159, 164 (1989).
Where a board has stated collective reasons for its action, a reviewing CT Page 12167 court is limited to determining whether the reasons given are supported by the record. Daughters of St. Paul, Inc. v. Zoning Board of Appeals,17 Conn. App. 53, 56 (1988).
However, where, as here, a zoning board of appeals fails to state the reasons for its decision, on the record, the court is required to search the record, in an attempt to determine some basis for the action taken.Grillo v. Zoning Board of appeals, 206 Conn. 362, 369 (1988); Ward v.Zoning Board of Appeals, 153 Conn. 141, 144 (1965).
In order to grant a variance, a zoning board of appeals must find that two conditions have been fulfilled: 1) the variance must be shown not to affect substantially the comprehensive plan, and 2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship, unnecessary to the carrying out of the general purposes of the zoning plan. Francini v. Zoning Board of Appeals, 228 Conn. 785, 790
(1994); Smith v. Zoning Board of Appeals, 174 Conn. 323, 326 (1978).
If a hardship is self-inflicted, if it arises from a voluntary act on the part of the applicant, the board does not have authority to grant a variance. Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39 (1982);Archambault v. Wadlow, 25 Conn. App. 375, 381 (1991).
Where the applicant, or a predecessor in title, creates a nonconformity, the zoning board of appeals lacks the authority to grant a variance. Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296,300 (1980); Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239
(1972).
DECISION OF BOARD FINDS SUPPORT IN THE RECORD
The plaintiff, Reina Miller, purchased two undersized lots from different grantors, in 1999.
Through her application for a variance, she seeks to create a separate and distinct lot consisting of 28,245 square feet.
There remains a question concerning whether the proposed lot can be created, absent approval by another town agency, and whether any attempt to divide the property currently owned by the plaintiff's father, who will constitute a "subdivision."
During their discussion of the requested variances, several board members expressed the belief that the proposal violates Orange's comprehensive plan, and therefore does not meet the first part of the criteria necessary for a variance. CT Page 12168
The comprehensive plan of a community, consists of the zoning regulations themselves, and the zoning map. Burnham v. Planning ZoningCommission, 189 Conn. 261, 267 (1983).
Those regulations include a provision, § 5.11, which allows undersized lots containing a minimum of 10,000 square feet, under certain circumstances.
Section 5.11 defines a "Lot":
 LOTS: A parcel of land, which existed on the effective date of these Regulations, and which fails to meet the area, shape or frontage or any applicable requirements of these Regulations pertaining to lots, may be used as a lot, and a building or other structure may be constructed, reconstructed, enlarged, extended, moved or structurally altered thereon, provided that all of the following requirements are met:
 5.11.1 The use, building or other structure shall conform to all other requirements of these Regulations:
 5.11.2 If used for a dwelling, the lot shall contain a minimum area of 10,000 square feet, and
 5.11.3 If the parcel fails to meet the area requirements of these Regulations, the owner of the parcel shall not also be the owner of contiguous land which in combination with such parcel that fails to conform would make a parcel that conforms or more nearly conforms to the area requirements of these Regulations pertaining to lots.
The plaintiff proposes to construct a single family residence, in an area where it is a permitted use.
The proposed lot size does not appear to be out of character with the neighborhood (Ex. B).
Therefore, rejection of the requested variance solely because the proposal is inconsistent with the comprehensive plan, appears tenuous. CT Page 12169
Rejection of the requested variances by the board, based upon the plaintiff's failure to demonstrate a hardship arising out of the application of the zoning regulations to the property in question, however, finds overwhelming support in the record.
The record reveals that Lots 1623 and 1624 did not have a common owner, at the time zoning regulations were adopted by the Town of Orange in 1971.
The plaintiff's predecessors in title brought one lot in 1982, and another in 1972 (ROR 20, p. 44)
The plaintiff argues that her predecessor in title would have been able to claim a hardship, and that she can also make that claim as a matter of law.
This claim is not supported by the record.
Section 5.11 defines a lot to include a parcel existing at the time regulations were adopted, and did not meet the area, frontage or other requirements established by those regulations.
Section 5.11.2 requires a minimum of 10,000 square feet, if a dwelling is to be constructed.
While combining the square footage in Lot 1623 with that of Lot 1624 would provide sufficient area to comply with § 5.11.2, neither parcel qualifies standing alone.
The parcels did not have one owner when the regulations were adopted, and the plaintiff did not take title from a single grantor.
Because the plaintiff purchased both parcels with full knowledge that § 5.11 did not permit a dwelling to be constructed, she can not now assert a hardship arising out of the application of the regulations to that parcel. Abel v. Zoning Board of Appeals of the City of Norwalk,172 Conn. 286, 289 (1977); Haines v. Zoning Board of Appeals, supra,
193.
Even assuming, arguendo, that the plaintiff could obtain a variance to allow the construction of a dwelling concerning her two parcels, that fact would not be germane to the consideration by the board of her proposal for a variance.
The plaintiff requested a variance not only for the two parcels shown on the Tyler City map, but also for the 17,745 square feet owned by her CT Page 12170 father.
This contemplated parcel not only did not exist when the zoning regulations were adopted in 1971, it was merely theoretical on the date of the hearing in September, 2000.
No gift or other transfer of title to the plaintiff has yet occurred.
Any hardship, therefore, has been created by the plaintiff herself, and not by the application of the zoning regulations to her still theoretical parcel.
The plaintiff's reliance upon Kulak v. Zoning Board of Appeals,184 Conn. 479 (1981), is misplaced.
Kulak involved a lot which had a separate existence since 1916.
An ordinance, mandating sixty feet of frontage was passed in 1951, thus rendering the lot in question non conforming.
The hardship brought about by the non-conformity in Kulak, arose out of the adoption of the ordinance.
Here, any claim of hardship regarding the contemplated parcel, was created by the applicant, Reina Miller.
It is therefore unnecessary to consider the plaintiff's claim of "confiscation" concerning two parcels which she purchased in 1999, for the sum of $14,380.
The defendant Zoning Board of Appeals of the Town of Orange acted well within the powers vested in by statute, in denying the plaintiff's request for the two variances.
The plaintiff's appeal is therefore dismissed.
RADCLIFFE, J.