## LOIS SCHALLENKAMP *v.* LAWRENCE DELPONTE, COMMISSIONER OF MOTOR VEHICLES (10697)

O'CONNELL, FOTI and LANDAU, Js.

Argued October 8—decision released December 1, 1992

*Francis S. Holbrook II,* with whom was *Donald G. Leis, Jr.,* for the appellant (plaintiff).

*Kathryn Mobley,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

LANDAU, J. The plaintiff, Lois Schallenkamp, appeals from the trial court's dismissal of her administrative appeal. A hearing was held to determine whether the plaintiff's nonresident privilege to operate a motor vehi-

cle should be suspended pursuant to General Statutes § 14-227b.[1] The hearing was limited to the four issues set forth in General Statutes § 14-227b (f).[2] A hearing officer found each issue in the affirmative and, by notice dated October 12, 1990, suspended her nonresident operating privilege for ninety days, effective November 10, 1990, in accordance with General Statutes § 14-227b (g).[3] The plaintiff appealed the suspension to the Superior Court and filed a motion to stay the suspension, which the trial court granted. The trial court upheld the decision of the hearing officer. The plaintiff sought review in this court, but did not seek to have the stay continued.[4] She has since served the suspen-

---

[1] General Statutes § 14-227b (d) provides in pertinent part that if the blood alcohol content is found to be greater than 0.10 of 1 percent, "the commissioner of motor vehicles shall suspend any license or nonresident operating privilege of such person . . . . Any person whose license or operating privilege has been suspended in accordance with this subsection shall automatically be entitled to a hearing before the commissioner to be held prior to the effective date of the suspension. . . ."

[2] General Statutes § 14-227b (f) provides in pertinent part: "The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was tenhundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle. . . ."

[3] General Statutes § 14-227b (g) provides in pertinent part: "If, after such hearing, the commissioner finds on any one of the said issues in the negative, the commissioner shall reinstate such license or operating privilege. If, after such hearing, the commissioner does not find on any one of the said issues in the negative or if such person fails to appear at such hearing, the commissioner shall affirm the suspension contained in the suspension notice for the appropriate period specified in subsection (h) of this section. . . ."

[4] General Statutes § 4-183 (f) provides in pertinent part: "The filing of an appeal shall not, of itself, stay enforcement of an agency decision. . . ."

sion and her operating privilege has been reinstated by the defendant commissioner of motor vehicles. On appeal, the plaintiff claims that the record does not contain substantial evidence supporting the suspension decision. We disagree.

The following facts are pertinent to this appeal. The plaintiff, in view of the arresting officer, stopped her vehicle in the travel lane of Elm Street in Windsor Locks. After three or four minutes watching the plaintiff, the officer flashed his emergency lights and approached the car. Upon speaking with the plaintiff, the officer smelled a strong odor of alcohol and observed that the plaintiff's eyes appeared red and glassy. The plaintiff failed the field sobriety tests and was placed under arrest. After reaching the police station, the plaintiff submitted to breathalyzer tests, which showed that she had a blood alcohol content of 0.199 at 2:39 a.m. and 0.184 at 3:15 a.m. On the basis of these findings, the commissioner of motor vehicles suspended her nonresident operating privilege. The plaintiff requested and was subsequently given an administrative hearing on the proposed license suspension.

At the administrative hearing, the police officer's sworn report was admitted over the objection of the plaintiff. The report contained, inter alia, a box that was checked that showed "the analytical device was operated by a certified analyst." The plaintiff introduced a single piece of paper on the letterhead of the department of health services that she claimed proved the testing officer was not certified to operate the equipment. This is the sole basis for the plaintiff's claim that the record does not contain substantial evidence to support the suspension.

This stay terminates upon the dismissal of the appeal by the trial court. The plaintiff must file another stay of the agency action when she appeals the trial court's decision to this court. See also Practice Book §§ 4046 and 4047.

I

Before we reach the plaintiff's evidentiary claim, we must first determine whether the plaintiff's claim is moot. Although the mootness issue was not raised by either of the parties, we raise it sua sponte because mootness implicates this court's subject matter jurisdiction. *Daly* v. *DelPonte*, 27 Conn. App. 495, 502, 608 A.2d 93, cert. granted, 223 Conn. 903, 610 A.2d 177 (1992); see also *Gagnon* v. *Planning Commission*, 24 Conn. App. 413, 415, 588 A.2d 1385 (1991), aff'd, 222 Conn. 294, 608 A.2d 1181 (1992). "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944).

In *Collins* v. *Goldberg,* 28 Conn. App. 733, 611 A.2d 938 (1992), we held that the plaintiff's appeal challenging his license suspension was not moot even where the suspension had ended by the time of the appeal. We concluded that the appeal fell within the "capable of repetition, yet evading review" exception to the mootness doctrine, because the facts fulfilled the considerations outlined in *Plourde* v. *Liburdi,* 207 Conn. 412, 415 n.5, 540 A.2d 1054 (1988). In *Plourde,* our Supreme Court noted that the issues involved in that appeal were not moot because "(1) the issues raised are capable of repetition yet evade review because of the historically short terms of alcohol related confinements; (2) presently there are over 200 inmates identically situated and thus affected by this ongoing program of the state's penal system; (3) the petitioner could very well be affected if convicted in the future; and (4) there is

significant public interest in the disposition of alcohol related offenses." Id.; *Collins* v. *Goldberg,* supra, 736.

Here, we conclude, as we did in *Collins,* that the issues raised in this case are not moot because (1) the issues raised are capable of repetition yet evading review because the period of suspension (ninety days) is relatively brief, (2) many Connecticut drivers have had their licenses suspended under the ongoing statutory scheme,[5] (3) if the plaintiff again violates § 14-227b she would be subject to a longer suspension, and (4) there is significant public interest in the disposition of alcohol related offenses.[6]

## II

Having concluded that the issue is not moot, we now turn to the plaintiff's evidentiary claim. In order to prevail in this appeal, the plaintiff bears the burden of proving that substantial rights possessed by her have been prejudiced because the decision to suspend her right to operate a vehicle in this state was "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." General Statutes § 4-183 (j) (5); *Lawrence* v. *Kozlowski,* 171 Conn. 705, 713–14, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977). "Judicial

[5] In 1991 alone, over 14,000 Connecticut drivers had their licenses suspended for violating this statute. *Collins* v. *Goldberg,* 28 Conn. 733, 736 n.2, 611 A.2d 938 (1992).

[6] We are not unaware that, in the recent past, appellate tribunals have held that an appeal challenging a license suspension is moot after the license has been reinstated. *Daly* v. *DelPonte,* 27 Conn. App. 495, 608 A.2d 93 (1992); see also *Phaneuf* v. *Commissioner of Motor Vehicles,* 166 Conn. 449, 352 A.2d 291 (1974). In these cases, however, the court's were unable to perceive any collateral legal consequences that would be dispelled or remedied by an order of the court reversing the defendant's order. *Phaneuf* v. *Commissioner of Motor Vehicles,* supra, 453. In the instant case, however, a reversal of the suspension would lessen the effect of a future violation of this statute on the plaintiff. Therefore, such collateral legal consequences are present here.

review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Citations omitted; internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *Department of Public Utility Control,* 216 Conn. 627, 639, 583 A.2d 906 (1990). In the context of a license suspension under the implied consent law, if the administrative determination of the four license suspension issues set forth in § 14-227b (f) is supported by substantial evidence in the record, that determination must be sustained. *Clark* v. *Muzio,* 40 Conn. Sup. 512, 514, 516 A.2d 160 (1986).[7]

The plaintiff claims that the hearing officer accorded more probative weight to the certification in the police officer's report than to the assertions in the letter from the department of health services. The record contains substantial evidence supporting the suspension. We agree with the trial court that the police officer's statement in his report, made under oath, to the effect that he was certified at the time he administered the tests, was evidence that would reasonably support the finding of the hearing officer notwithstanding conflicting evidence presented by the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] While we are not bound by a decision of the Superior Court; *State* v. *Johnson,* 28 Conn. App. 708, 716 n.5, 613 A.2d 1344 (1992); we agree with the *Clark* court's interpretation and adopt it here. See id., 717.