### FRANCIS HARRINGTON *v.* LAWRENCE DELPONTE, COMMISSIONER OF MOTOR VEHICLES (10830)

O'CONNELL, FOTI and LANDAU, Js.

Argued October 8—decision released December 1, 1992

*Donald G. Leis, Jr.,* with whom was *Francis S. Holbrook II,* for the appellant (plaintiff).

*Robert T. Morrin,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

PER CURIAM. The plaintiff appeals from the trial court's dismissal of his administrative appeal. A hearing was held to determine whether the plaintiff's license to operate a motor vehicle should be suspended pursuant to General Statutes § 14-227b (d).[1] The hearing was limited to the four issues set forth in General Statutes § 14-227b (f).[2] A hearing officer found each issue

---

[1] General Statutes § 14-227b (d) provides in pertinent part that if the blood alcohol content is found to be greater than 0.10 of 1 percent, "the commissioner of motor vehicles shall suspend any license or nonresident operating privilege of such person . . . . Any person whose license or operating privilege has been suspended in accordance with this subsection shall automatically be entitled to a hearing before the commissioner to be held prior to the effective date of the suspension."

[2] General Statutes § 14-227b (f) provides in pertinent part: "The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree

in the affirmative and, by notice dated June 21, 1990, suspended the plaintiff's license to operate a motor vehicle for ninety days, effective July 8, 1990. The plaintiff appealed the suspension to the Superior Court, which granted his motion to stay the suspension, pending resolution of the appeal.[3]

The following facts are pertinent to this appeal. The plaintiff was arrested on June 3, 1990, for operating a motor vehicle while under the influence of drugs or alcohol or both in violation of General Statutes § 14-227a. The plaintiff submitted to a breathalyzer test; it registered a reading of 0.155 percent blood alcohol content. At the time of the arrest, the officer who operated the Intoximeter 3000 checked a box on the arrest form indicating that he was certified to perform the breathalyzer test. At the administrative hearing, the plaintiff's attorney alleged that the certification of the officer who operated the Intoximeter 3000 had lapsed prior to the test on the plaintiff. The plaintiff's attorney represented to the hearing officer that he had spoken to Sanders Hawkins of the department of health services that morning and that Hawkins had stated that "he did not have in his possession, the copy of the re-certification [report] of the officer [who performed the

with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle. . . ."

[3] There is no indication in the record that the plaintiff filed a motion to stay execution of the suspension after the trial court's ruling. At oral argument, plaintiff's counsel indicated that the license suspension had not yet gone into effect. The plaintiff, under our rules of practice, is required to file such a stay after an adverse trial court ruling. See *Schallenkamp* v. *DelPonte*, 29 Conn. App. 576, 577–78 n.4, 616 A.2d 1157 (1992).

test] . . . ." The attorney offered no evidence or testimony to support this allegation.

The plaintiff claims that the results of the test should not be admitted because there is not substantial evidence to support the hearing officer's determination that the officer who administered the test was certified. This case is controlled by our decision in *Schallenkamp* v. *DelPonte,* 29 Conn. App. 576, 616 A.2d 1157 (1992).

The judgment is affirmed.