[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Commissioner of Motor Vehicles suspending the plaintiff's motor vehicle license for a period of ninety days in accordance with General Statutes 14-227b.
The record indicates that on April 12, 1990 the plaintiff, Clayton St. Jean, was taken into custody and arrested for operating a motor vehicle while under the influence of liquor in violation of Connecticut General Statutes14-227a.
At approximately 9:30 p.m. on April 12, 1990 the plaintiff submitted to a chemical analysis test, followed by a second test about thirty five minutes later at the Connecticut State Police Troop H Barracks. In both cases the Intoximeter 3000 Breath Test was used. On the basis of the results the plaintiff's operator's license was revoked and a temporary license effective April 13, 1990 was issued to the plaintiff.
A report known as A-44 was prepared and forwarded to the State of Connecticut DMV. The report sets forth the cause CT Page 11199 of the arrest as well as the results of the chemical alcohol tests which were .261 and .258, respectively.
By letter on April 20, 1990, the DMV notified the plaintiff that his license was suspended for 90 days effective May 17, 1990. The plaintiff requested an administrative hearing with the DMV which was scheduled for May 9, 1990.
On May 9, 1990 the plaintiff appeared at the hearing with counsel. The DMV Hearing Officer, Sharon Geanuracos, opened the hearing by offering the A-44 report into evidence. Plaintiff's counsel objected to the report but the objections were overruled and the report was admitted as State's Exhibit A. No other evidence was offered by the State.
The plaintiff complained that the action of the hearing officer in affirming the suspension were improper because:
1. The officer did not have probable cause to arrest the plaintiff for operating a motor vehicle under the influence of alcohol, and
2. that there was no evidence the intoximeter was certified, no evidence that the intoximeter was operated by a certified analyst in an approved manner nor any evidence that the intoximeter was checked for accuracy by a certified operator before and after each test. An examination of the State's Exhibit A, A-44 reveals that on the second page of the form the three blocks concerning these matters were not checked off and were left blank.
The plaintiff having been notified of the affirmation of the suspension, has now taken an appeal under the appropriate appeal statutes.
The court finds that having his license suspended constitutes aggrievement to the plaintiff and he therefore has standing to take this appeal under the provisions of Connecticut General Statutes 4-183.
In deciding whether to sustain or dismiss the appeal the court must limit its review to the following four issues:
1. Whether the police had probable cause to make CT Page 11200 the arrest;
2. Whether such person was arrested;
3. Whether said person refused to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense, the ratio of alcohol in the blood of such person was ten-hundredths of one percent or more of alcohol, by weight; and
4. was such person operating the motor vehicle.
Implicit in issue number 3 is the requirement that the tests must be performed in the appropriate manner as required by the regulation and certified by checking off the appropriate boxes in the A-44 form. Failure to certify the report, A-44, will result in a fatal defect to the report and will render the A-44 form incomplete as to that testing issue.
Plaintiff's counsel informed the hearing officer at the Hearing that the accuracy of the test was being challenged because the certification of testing was not checked off on the A-44 form. (Transcript of Hearing, pages 10-11, lines 5-25; 1-11). The hearing officer ignored these claims totally; did not recess the matter for verification of the testing devices and elected to render a decision accordingly on May 9, 1990, upholding the suspension.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's finding of basic facts and whether the conclusions drawn from those facts are reasonable . . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. Schallenkamp v. DelPonte, 29 Conn. App. 576,580-581." In the context of a license suspension under the implied consent law, if the administrative determination of the four license suspension issues set forth in 14-227(b)(f) is supported by substantial evidence in the record, that determination must be sustained. Clark v. Muzio, 40 Conn. Sup. 512,514, 516.
The court finds that the record in this case lacks CT Page 11201 the evidentiary proof regarding the issues of certification.
The court finds that the actions of the hearing officer were arbitrary and in abuse of the discretion vested in the hearing officer.
For these reasons, the appeal is sustained and judgment may enter for the plaintiff.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT