[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal pursuant to General Statutes 4-183 from a decision of the Department of Motor Vehicles to suspend the plaintiff's driver's license under the implied consent statute, General Statutes 14-227 (b). The plaintiff is appealing on the grounds that the hearing officer acted improperly by admitting into evidence a copy of the police officer's "police report to the prosecutor." CT Page 8036
The record reveals that the plaintiff Anita Boyd was arrested on July 29, 1992 in Stonington for driving while intoxicated (A-44). The A-44 contained the following information:
 "Did the operator submit to chemical test when requested? [The `no' block was checked.]
 Which test was selected by the officer? [The `breath' block was checked.]"
The A-44 was sent to the Department of Motor Vehicles and the Department sent a notice of suspension to the plaintiff. At the plaintiff's request, a hearing was held on August 21, 1992. Following that hearing, the hearing officer found (1) probable cause for the arrest; (2) that the plaintiff was placed under arrest; (3) that the plaintiff refused to submit to a chemical alcohol test; and (4) that the plaintiff was operating a motor vehicle. The plaintiff appealed to the Superior Court in a timely manner. The Superior Court stayed the suspension of the plaintiff's license pending the outcome of her appeal.
Aggrievement
A party must establish aggrievement in order to have the right of appeal. Lewin v. United States Surgical Supply Corp., 21 Conn. App. 629 (1990). Since the Department's decision, if upheld, will result in the plaintiff's license being suspended for six months, it is found that the plaintiff is an aggrieved party who is entitled to bring this appeal. The assistant attorney general representing the Commissioner conceded aggrievement at oral argument.
Scope of Review
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those findings are reasonable . . ." CT Page 8037 Schallenkamp v. DelPonte, 29 Conn. App. 576 (1992). The scope of review is very limited, and the Court may not retry the case or substitute its judgment for that of the defendant. Buckley v. Muzio, 200 Conn. 1, 3 (1986).
General Statutes 14-227b(a) provides: "Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine . . ." Subsection (c) of that statute then provides that refusal to submit to the test shall result in a suspension of the person's motor vehicle operator's license. The person whose license is suspended is entitled to a hearing to consider the limited issues of probable cause for the arrest, whether the person was in fact placed under arrest, did the person refuse the test and was the person operating the vehicle in question. In the instant case, the parties agree that there was probable cause, that an arrest was made, and that Ms. Boyd was the operator. The sole issue is refusal.
Issue
WAS THE CONCLUSION THAT MS. BOYD REFUSED THE TEST SUPPORTED BY SUFFICIENT ADMISSIBLE EVIDENCE?
Discussion
Anita Boyd's position in this matter resolves itself to two relatively simple propositions. First, she argues that the mere check of the block on the A-44 showing the test refusal is insufficient to support a suspension. She then argues that while the police report to the prosecutor which was offered may contain sufficient information to support the conclusion of refusal, that report was a copy and therefore was inadmissible.
The Commissioner appears to argue that the mere check of refusal on the A-44 is sufficient and that the information contained in the police report is merely supplemental and cumulative and that even if the report is inadmissible, it does not affect the result.
The A-44 that was submitted contains no information concerning the circumstances surrounding the alleged refusal. The report merely says that the test was refused. The CT Page 8038 precise issue before this Court is the claim that the plaintiff did not refuse to take the statutory test. This Court must decide whether that claim is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." Dorman v. DelPonte, 41 Conn. Sup. 437,441 (1990). While a combination of legislation and administrative regulation has settled the question of the admissibility of the A-44 and police reports, the hearing, at least on the question of refusal, would appear to be the barest of formalities if it were sufficient for the arresting officer to check a block and provide no substantiating data. Relying on the spirit, if not the precise language of Dorman, the Court is convinced that it is for the hearing officer acting on reliable, probative and admissible evidence, and the Court, in the event of an appeal, to determine the refusal. The Court cannot agree with the Commissioner's apparent position that refusal may be unilaterally determined by the arresting officer. Accordingly, the Court finds that unless the photocopies of the "police report to the prosecutor" was properly admissible, the suspension would have to be vacated.
The applicable statute 14-227b(c) provides in pertinent part:
 "The police officer shall prepare a written report of the incident and shall mail the report together with a copy of the completed temporary license form, any operator's license taken into possession and a copy of the results of the chemical test or the analysis to the Department of Motor Vehicles within three business days. The report shall be on a form approved by the Commissioner of Motor Vehicles and shall be sworn to under the penalty of false perjury as provided in 53a-157 by the police officer before whom such refusal is made or who administered a cause to be administered such test or analysis."
There appears to be numerous Superior Court CT Page 8039 decisions dealing with the question of the admissibility of copies of the police report as well as the admissibility of unsworn copies or unsworn originals of the police report. There also appears to be some tendency to treat photocopies and unsworn documents in a similar manner. In the case before the Court, it appears that the A-44 is original and sworn to. It further appears that the four-page "police report to the prosecutor" had been sworn to on July 29 and is notarized by a Stonington police sergeant. However, both the report itself and the notarization are photocopies. Clearly, if the report were a photocopy but the notarization were an original, this Court would be presented with a different question. Equally clearly, it appears to the Court, that if the A-44 were notarized, but the individual pages of the police report to the prosecutor were not sworn to, the Court would be presented with a different question. The limited question faced by the Court on this appeal is the admissibility at the administrative hearing of the "police report to the prosecutor" when the A-44 is a notarized original and the police report is a copy of a notarized statement. The Court is persuaded by the logic in Packard v. Department of Motor Vehicles, Superior Court at New London, Docket No. CV90-0514307, October 21, 1991. In Packard, Judge Tamborra wrote:
 "The restriction of license suspension hearing to the four issues contained in Conn. Gen. Stat. 14-227b(d) indicates that compliance with subsection (c) was not intended to be a prerequisite for suspension. Volck, 204 Conn. at 517." [Volck v. Muzio, 204 Conn. 507 (1987)].
 "It follows that 14-277b-19 of the regulations should be construed consistently with Volck to require compliance with those requirements in 14-227b(c), which bear on the execution of the report, and thus, on the reliability and trustworthiness of the report. Such construction is harmonious with the statement in Volck that the purpose of 14-227b(c) is to provide sufficient indicia of CT Page 8040 reliability."
Judge Tamborra, in Packard, went on to hold that the failure to comply with the three-day mailing rule in the statute has no impact on the "indicia of reliability." Similarly, this Court is persuaded that when the A-44 is an original and sworn to and when the documents attached to it are likewise sworn to, although both the documents and the acknowledgement are photocopies, the fact of the copy rather than the original does not affect reliability or trustworthiness to such an extent that the copy is inadmissible.
While the Court has held that the "police report to the prosecutor" is admissible under the statute and the Commissioner's regulations, the Court notes in reading the record that the hearing examiner appears to have admitted the report as a business record. In the absence of some witness, the Court is at a loss to see how a business record foundation could have been laid for this document. Equally, the Court notes that no evidence was introduced suggesting that the copies were different from the original of the police report to the prosecutor. The transcript of the hearing following Attorney Piacenza's objection to the absence of the original contains the following:
 "Ms. Kotowski: That's correct, they don't. The prosecutor has the original, but I note that it's a form of business record and I'm going to admit it and you have an objection and an exception on the record."
Presumably, the original could have been subpoenaed or examined in the prosecutor's office. While the Court has no reason to think that there was a difference between the original and the copy, evidence of such a difference would throw into question the reliability of the copy and would justify its exclusion.
For the reasons stated above, the action of the Commissioner is sustained and the appeal is dismissed.
Booth, J. CT Page 8041