[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATEMENT OF THE CASE
The plaintiff, John Gunther, Jr., appeals pursuant to General Statutes 4-183 from a decision of the defendant, Commissioner of the Department of Motor Vehicles, in which the defendant suspended the plaintiff's motor vehicle operator's license for a period of six (6) months.
FACTS
On February 5, 1992, the defendant notified the plaintiff that his motor vehicle license would be suspended for six months effective as of March 1, 1992. (Return of Record ["ROR"], Item 2). The plaintiff requested a hearing with respect to the suspension, which was held on February 19, 1992. (ROR, Items 1, 3 and 4). On February 21, 1992, the hearing officer issued a decision ordering the suspension of the plaintiff's license for six (6) months. (ROR, Item 10).
On March 6, 1992, the plaintiff filed the present two-count appeal. In the first count, the plaintiff appeals from the Commissioner's decision on the ground that the Department of Motor Vehicles acted illegally, arbitrarily and in the abuse of its discretion in ordering the suspension of the plaintiff's operator's license in that:
 The Hearing Officer erred in ordering the suspension of the plaintiff's license in one or more of the following ways:
 a. The Hearing Officer allowed the written report into evidence, without proper foundation and in violation of the plaintiff's constitutional rights.
 b. There was insufficient evidence for the Hearing Officer to conclude that the plaintiff was operating a motor vehicle, or that such operation was on a public highway or that the plaintiff was under the influence of intoxicating liquor at the CT Page 2372 time of such alleged operation.
 c. The Hearing Officer allowed a copy of a written report into evidence, without proper foundation, and in violation of the plaintiff's constitutional rights.
 d. There was insufficient evidence for the Hearing Officer to conclude that the police officer had probable cause to arrest the plaintiff.
 e. There was insufficient evidence for the Hearing Officer to conclude that the plaintiff refused to submit to a blood alcohol test when offered.
(Plaintiff's Complaint, Count One, 4). In the second count, the plaintiff alleges that the suspension of his motor vehicle license pursuant to General Statutes 14-227b is in violation, of both the state and federal constitutions. On April 30, 1992, the defendant filed an answer.
On December 4, 1992, the plaintiff filed a brief in support of his appeal. On February 8, 1993, the defendant filed its brief.
JURISDICTION
"`Appeals to the courts from administrative agencies exist only under statutory authority.'" (Citations omitted.) Raines v. Freedom of Information Commission, 221 Conn. 482,489, 604 A.2d 819 (1992). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Citations and internal quotation marks omitted.) Id. "`Such provisions are mandatory, and, if not complied with, the appeal, is subject to dismissal.'" (Citations omitted.) Id.
General Statutes 4-183(a) to (m) govern an appeal of an agency decision to the superior court. Section 4-183(a) provides that "[a] person who has exhausted his administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court. . . ." General Statutes 4-183(a).
AGGRIEVEMENT CT Page 2373
"Unless a plaintiff can establish that he is aggrieved by a decision of an agency, he has no standing to appeal." Kelly v. Freedom of Information Commission, 221 Conn. 300, 308,603 A.2d 1131 (1992), citing Beckish v. Manafort, 175 Conn. 415,1419, 399 A.2d 1274 (1978). The test for determining aggrievement is two-fold:
 "[F]irst, `the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' Nader v. Altermatt, 166 Conn. 43, 51, 347 A.2d 89 [1974]."
Munhall v. Inland Wetlands Commission, 221 Conn. 46, 51,602 A.2d 566 (1992), quoting Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 493, 400 A.2d 726 (1978). "`Aggrievement is established if "there is some possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected."'" Rose v. Freedom of Information Commission, 221 Conn. 217, 230, 602 A.2d 1019 (1992), quoting Hall v. Planning Commission, 181 Conn. 442, 445, 435 A.2d 975
(1980).
Suspension of a motor vehicle license constitutes an adverse effect upon a specific, personal and legal interest sufficient to satisfy the aggrievement requirements of General Statutes 4-183(a). Tarascio v. Muzio, 40 Conn. Sup. 505,507, 515 A.2d 1082 (1986). The court finds that since the plaintiff's driver's license was suspended for six (6) months, the plaintiff is aggrieved. (See ROR, Item 10).
TIMELINESS
"`[A]n administrative appeal, must within forty-five days of delivery of the final decision to the person appealing, be filed with the court and served on the agency or the attorney general and on each party listed in the decision.'" Glastonbury v. Volunteer Ambulance Assn., Inc., 227 Conn. 848, CT Page 2374 852 ___ A.2d ___ (1993), quoting Tolly v. Department of Human Resources, 225 Conn. 13, 19, 621 A.2d 719 (1993); see also General Statutes 4-183(b). Where there is no mailing date indicated in the record, it is appropriate for the reviewing court to utilize the date of the final decision in determining if service was made within the statutorily proscribed time. Royce v. Freedom of Information Commission,177 Conn. 584, 585-86, 418 A.2d 939 (1979). In the present action, the hearing officer's decision is dated February 21, 1992. Service was made upon the defendant on March 2, 1992, and the appeal was filed on March 6, 1992. The court, therefore, finds that the appeal is timely.
SCOPE OF JUDICIAL REVIEW
The Uniform Administrative Procedure Act, General Statutes 4-166 et. seq., governs judicial review of an administrative agency's action. Ottochian v. Freedom of Information Commission, 221 Conn. 393, 397, 604 A.2d 351
(1992). However, "the scope of review is limited." Id., citing Board of Education v. Freedom of Information Commission, 208 Conn. 442, 452, 545 A.2d 1064 (1988). "`[T]he trial court may [not] ferry the case or substitute its own judgment for that of the [administrative agency].'" (Citation omitted.) Id. "`Rather, an agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . .'" (Citations omitted.) Lieberman v. Board of Labor Relations, 216 Conn. 253, 262, 579 A.2d 505
(1990).
The trial court is limited to deciding "whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion." (Citation omitted.) Ottochian, supra, 397; General Statutes 4-183(j).[1] "In the context of a license suspension under the implied consent law, if the administrative determination of the four license suspension issues set forth in 14-227b(f) is supported by substantial evidence in the record, that determination must be sustained." (Citation omitted.) Schallenkamp v. DelPonte,29 Conn. App. 576, 581, 616 A.2d 1157 (1992). "Substantial evidence is evidence which carries conviction. It is such as a reasonable mind might accept as adequate to support a conclusion. It means something more than a mere scintilla and must do more than create a suspicion of the existence of the fact to be established." (Citations omitted.) L. Suzio CT Page 2375 Construction Co. v. State Board of Labor Relations, 148 Conn. 135,138, 168 A.2d 553 (1961); see also Norwich v. Norwich Fire Fighters, 173 Conn. 210, 214, 377 A.2d 290 (1977).
DISCUSSION
Although raised in the complaint, issues which are not briefed are considered abandoned. State v. Ramsundar,204 Conn. 4, 16, 526 A.2d 1311 (1987); DeMilo v. West Haven,189 Conn. 671, 681-82 n. 8, 458 A.2d 362 (1983). The only issue briefed by the plaintiff is that the hearing officer erroneously admitted a copy of the Officer's DWI Arrest and Alcohol Test Failure Report ["A-44 form"] into evidence. The other issues are, therefore, deemed abandoned.
The plaintiff argues that at the hearing, the defendant offered a copy of the A-44 form, and a continuation sheet, as a full exhibit, to which the plaintiff's attorney objected. The plaintiff asserts that the copy was not an accurate and reliable copy of the original. The plaintiff, therefore, argues that the hearing officer's admission of the copy of the A-44 form over the plaintiff's objection was erroneous.
It should first be noted that the copy of the A-44 form was offered by the hearing officer. The hearing officer did not attempt to introduce the document under any of the exceptions to the hearsay rule. The court, therefore, must find that copy of the A-44 form is hearsay.
However, "`administrative tribunals are not strictly bound by the rules of evidence and that they may consider evidence which normally be incompetent in a judicial proceeding, as long as the evidence is reliable and probative. Lawrence v. Kozlowski, 171 Conn. 705, 710, 372 A.2d 110 cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066
(1977).'" (Citation omitted.) Jutkowitz v. Department of Health Services, 220 Conn. 86, 108, 596 A.2d 374 (1991). The Uniform Administrative Procedure Act ["UAPA"] does not prohibit the admission of hearsay evidence, rather the UAPA permits the introduction of oral or documentary evidence. See Id.; O'Sullivan v. DelPonte, 27 Conn. App. 377, 382,606 A.2d 43 (1992); General Statutes 4-178.[2]
In addition, 4-178 expressly provides for the receipt of copies "if the original is not readily available, and upon CT Page 2376 request, parties and the agency conducting the proceeding shall be given an opportunity to compare the copy with the original. . . ." General Statutes 4-178(4). The record shows that the original was readily available. (ROR, Item 4, pp. 3-6, 16; Item 7). The record also establishes that the plaintiff's attorney compared the copy with the original and objected to the admission of the copy on the ground that it was not an accurate copy of the original. (ROR, item 4, pp. 3-8, 14-16).
"[E]vidence in written form is not, as a matter of law, inadmissible in an administrative hearing unless it substantially prejudices a party." O'Sullivan v. DelPonte, supra, 382, citing Carlson v. Kozlowski, 172 Conn. 263, 266,374 A.2d 207 (1977); see also Lawrence v. Kozlowski, supra, 714 ("[T]he mere erroneous admission of evidence will not invalidate an order of the [commissioner], Substantial prejudice must be affirmatively shown.") Where hearsay evidence is the only evidence probative of the plaintiff's culpability, as in the present case, a plaintiff is not substantially prejudiced by such evidence unless it is insufficiently trustworthy to be considered substantial evidence. See Carlson v. Kozlowski, supra, 267.
The purpose of General Statutes 14-227b(c) "is to provide sufficient indicia of reliability so that the report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings, without the necessity of producing the arresting officer." Volck v. Muzio, 204 Conn. 507, 518, 529 A.2d 177 (1987). Section14-227b(c) provides, in relevant part:
 The police officer shall prepare a written report of the incident. . . . The report shall be made on a form approved by the commissioner of motor vehicles and shall be sworn to under penalty of false statement as provided in section 53a-157 by the police officer before whom such refusal was made . . . . If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person . . . for operating a motor vehicle while under the influence of intoxicating CT Page 2377 liquor . . . or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor, and shall state that such person had refused to submit to such test or analysis when requested by such officer to do so. . . .
General Statutes 14-227b(c). In this case the plaintiff does not argue that the copy of the A-44 form does not comply with the requirements of 14-227b(c). The record establishes that the copy satisfies the above requirements. (ROR, item 5). The court, therefore, finds that the copy is sufficiently trustworthy.
The plaintiff has failed to meet his burden of showing that he was substantially prejudiced by the hearing commissioner's admission of the copy of the A-44 form Accordingly, the plaintiff's appeal is hereby dismissed.
Hurley, J.