[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: WHETHER NOT ALLOWING ACCESS TO COUNSELPRIOR TO DWI TEST VIOLATES CONSTITUTION
This appeal, filed pursuant to General Statutes § 4-183, is addressed to a decision of the defendant Commissioner of Motor Vehicles to suspend the plaintiff's driver's license under the implied consent statute, General Statutes § 14-227b. The plaintiff's appeal is on the ground that subsection (b) of the statute violates the due process rights afforded to him under the United States and Connecticut constitutions.
The record reveals that the plaintiff, Edward Toohey, was involved in a minor motor vehicle accident on June 17, 1991 in Shelton. He was arrested for operating a vehicle while under the influence of alcohol based upon his failure of the field sobriety tests administered by the police officer, the odor of liquor on his breath and his involvement in the motor vehicle accident. The plaintiff refused to submit to a chemical alcohol test and his driver's license was suspended for six months.
The record indicates that after plaintiff refused to submit to a chemical alcohol test, he was asked if he wished to contact an attorney, and declined to do so. He did, however, make repeated requests to telephone the chief of police to "take care of the problem."
At plaintiff's request, an administrative hearing was held on July 17, 1991. The hearing officer issued a decision on July 19, 1990, wherein she found that: (1) the police had probable cause to arrest plaintiff; (2) plaintiff was placed under arrest; (3) plaintiff refused to submit to a chemical alcohol test; and (4) plaintiff was operating a motor vehicle. In addition, the hearing officer noted the following:
 The officer had probable cause based upon the odor of alcohol on breath, the motor vehicle accident, the failure of the horizontal gaze nystagmus test. The refusal was knowingly made, and despite a claim of medical injury [from the motor vehicle accident] the [plaintiff] had the presence of mind to flash a badge and ask to see the chief of police. CT Page 6786
On July 22, 1991, plaintiff filed an appeal to the superior court pursuant to General Statutes § 4-183. On August 26, 1991, the court, Hodgson, J., granted a stay of the plaintiff's suspension pending the outcome of his appeal.
I. Aggrievement
"Unless a party can establish aggrievement, that party has no standing to appeal." Lewin v. United States Surgical Corp. ,21 Conn. App. 629, 631, 575 A.2d 262 (1990). To prove aggrievement, a party must demonstrate a specific, personal, and legal interest in the subject matter of a decision, and show that such interest has been specially and injuriously affected by the decision. Id. Suspension of a driver's license constitutes a specific, legal, and personal interest which satisfies the aggrievement requirement of § 4-183. Tarascio v. Muzio, 40 Conn. Sup. 505, 507,515 A.2d 1082 (1986). Since the defendant's decision, if upheld, will result in plaintiff's license being suspended for six months, the plaintiff is an aggrieved party who is entitled to bring this appeal.
II. Scope of Review
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . ." (Citation omitted; internal quotation marks omitted.) Schallenkamp v. DelPonte, 29 Conn. App. 576, 580-81,616 A.2d 1157 (1992), aff'd, 229 Conn. 31, ___ A.2d ___ (1994). "`Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred.'" (Citation omitted.) Id.
The scope of review is very limited, and the court may not "`retry the case or substitute its own judgment for that of the defendant.'" Buckley v. Muzio, 200 Conn. 1, 3, 509 A.2d 1082
(1986), quoting C H Enterprises, Inc. v. Commissioner of MotorVehicles, 176 Conn. 11, 12, 404 A.2d 864 (1978). "The court's ultimate duty is only to decide whether, in light of the evidence, the [commissioner] has acted unreasonably, arbitrarily, illegally, or in abuse of [his] discretion." (Citations omitted; internal quotation marks omitted.) Buckley v. Muzio, supra. "In order to prevail in [an] appeal [from a driver's license suspension], the plaintiff bears the burden of proving that substantial rights possessed by [him] have been prejudiced because the decision to CT Page 6787 suspend [his] right to operate a motor vehicle in this state was `clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.'" (Citation omitted.)Schallenkamp v. DelPonte, supra, 29 Conn. App. 580.
III. Analysis
General Statutes § 14-227b(a) provides that "any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine. . . ." Subsection (c) provides that refusal to submit to such analysis shall result in the suspension of a person's motor vehicle operator's license. A person whose license is suspended is accorded a hearing, which is limited to a determination of the following issues:
 (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis; and (4) was such person operating the motor vehicle.
General Statutes § 14-227b(f); see also Volck v. Muzio,204 Conn. 507, 511, 529 A.2d 177 (1987); Collins v. Goldberg,28 Conn. App. 733, 737, 611 A.2d 938 (1992). "In the context of a license suspension under the implied consent law, if the administrative determination of the four license suspension issues set forth in § 14-227b(f) is supported by substantial evidence in the record, that determination must be sustained." Schallenkamp v. DelPonte, supra, 29 Conn. App. 581; Volck v. Muzio, supra; Clark v.Muzio, 40 Conn. Sup. 512, 514, 516 A.2d 160 (1986), aff'd,14 Conn. App. 212, 540 A.2d 1063, cert. denied, 208 Conn. 809, 545 A.2d 1105
(1988).
Section 14-227b(b) requires that an arrested driver must be apprised of his Miranda rights; asked to submit to a blood, breath or urine test; given a reasonable opportunity to contact his attorney prior to performing the test; and informed that refusal to submit to the test will be admissible and may be used against him in any subsequent criminal prosecution in accordance with § 14-227a(f). CT Page 6788State v. Johnson, 28 Conn. App. 708, 718, 613 A.2d 1344
(1992). The plaintiff argues that General Statutes § 14-227b(b) violates his constitutional guarantee of due process in that it leads a reasonable person to believe that he is entitled to a procedural safeguard which, in reality, the statute may preclude. The plaintiff claims that the case law regarding the consequences of an officer's failure to comply with the requirements of 227b(b) is unclear, since there is a division of authority at the superior court level regarding whether a police officer's failure to allow an arrested driver to telephone his attorney renders a license suspension illegal. The plaintiff claims that the supreme court case which held that failure to strictly adhere to the §14-227b(b) does not preclude a license suspension involved a different issue and is therefore not applicable to the present case. The plaintiff also claims that the A-44 form leads one to believe that a pre-refusal right to contact an attorney exists because the box for an officer to check regarding whether the arrested driver was given an opportunity to contact counsel is located before the box for an officer to check regarding whether the driver refused the chemical test.
In response, the defendant argues that there is substantial evidence in the record to support the decision to suspend plaintiff's driver's license under the implied consent law. The defendant further argues that the case law regarding § 14-227b(b) is very clear, inasmuch as the supreme court has held that there is a distinction between a police officer's noncompliance with the statute in the context of a criminal proceeding and in the context of an administrative suspension.
"The legislative genealogy of [the] implied consent statute supports [an] interpretation of § 14-227b(d) [now subsection (f)] not to permit a failure of the police to comply with all the requirements of subsection (b) of that statute to vitiate the license suspension of an operator who has refused chemical testing." Volck v. Muzio, supra, 204 Conn. 514. The supreme court noted that:
 [i]t is only by strictly following the statutory requirements that an operator's refusal of chemical testing can be used in a criminal prosecution against him for operating under the influence or with impaired ability. On the other hand, the restriction of a license suspension hearing to the four issues CT Page 6789 specified in subsection (d) of § 14-227b is indicative of the legislative view that failure to comply precisely with the requirements of subsection (b) should not prevent suspension of the license of a person, arrested with probable cause for believing he was operating under the influence or with impaired ability as a result of intoxicating liquor, who has refused to submit to the prescribed tests.
Id. The appellate court recently affirmed a decision which extended the Volck holding to a case where a police officer failed to afford an arrested driver an opportunity to contact an attorney prior to his refusal to take a chemical test. See Piorek v.Delponte, 5 Conn. L. Rptr. 52 (September 30, 1991, Maloney, J.), aff'd, 28 Conn. App. 911, 610 A.2d 201 (1992). In Piorek v.Delponte, supra, the Superior Court, (Maloney, J.), held that "so long as there is sufficient evidence to support an affirmative finding by the commissioner on the four issues set forth in subsection (f), [the] decision to suspend a person's license is unaffected by the failure of the police to comply with the requirements of subsections (b) and (c)." See also Kramer v.DelPonte, 26 Conn. App. 101, 598 A.2d 670 (1991).
As noted above, the hearing officer found that the four requirements of § 14-227b(f) were present. The plaintiff does not argue that those findings are incorrect. The plaintiff's arguments in support of his contention that § 14-227b(b) is unconstitutional are that case law is unclear and a reading of the statute leads a reasonable person to believe that he is entitled to a procedural safeguard to which he may not actually be entitled. "[A] party challenging the constitutionality of a statute bears the burden of proving that the statute is unconstitutional beyond a reasonable doubt." Johnson v. Meehan, 225 Conn. 528, 544, 626 A.2d 244
(1993); Connecticut Building Wrecking Co. v. Carothers,218 Conn. 580, 590, 590 A.2d 447 (1991); Mainiero v. Liburdi,214 Conn. 717, 724, 573 A.2d 1207 (1990). "In construing a statute . . . [a court] will search for an effective and constitutional construction that reasonably accords with the legislature's underlying intent."Bartholomew v. Schweizer, 217 Conn. 671, 675-76,587 A.2d 1014 (1991). "Due process requires that laws `give the person of ordinary intelligence a reasonable opportunity to know what is being prohibited' and `provide explicit standards for those who apply them' in order to prevent the risk of arbitrary and discriminatory CT Page 6790 enforcement." (Citations omitted.) Connecticut Building WreckingCo. v. Carothers, supra, 591.
"To demonstrate that a statute is unconstitutionally vague as applied to him, a litigant must therefore demonstrate beyond reasonable doubt that he had inadequate notice or that he was the victim of arbitrary and discriminatory enforcement." Id. The plaintiff in the present case has demonstrated neither. "The fact that the meaning of the language is fairly debatable is not enough to satisfy the burden of proof." Bottone v. Westport,209 Conn. 652, 658, 553 A.2d 576 (1989).
The plaintiff's contentions are not sufficient to meet its heavy burden of proving that § 14-227b(b) is unconstitutional. The record indicates that plaintiff was given an opportunity to contact an attorney pursuant to the statute, although he was given that opportunity after he refused to submit to the chemical alcohol test. There is substantial evidence in the record to support the hearing officer's determination of the four license suspension issues.
For the foregoing reasons and upon the foregoing authorities, the Court dismisses the plaintiff's appeal.
Clarance J. Jones, Judge