[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case is an appeal from an administrative determination that the plaintiff, Karl N. Robinson, should have his driver's license suspend for driving while intoxicated in violation of General Statutes § 14-227b.
A motion to dismiss the appeal as untimely was granted by the court, Zoarski, J., and subsequently vacated by the court, Booth, J.
On April 28, 1995, the Commissioner of Motor Vehicles ordered the plaintiff's license suspended for ninety days. The plaintiff moved to stay that order on June 20, 1995. His motion was denied by the court, Booth, J.
Though it would appear that the suspension period has been completed, the Appellate Court has ruled that completion of the penalty does not render such an appeal moot because a first suspension may have the consequence of exposing a driver to more severe penalties in the event of a second violation. SchallenkampCT Page 14039v. DelPonte, 29 Conn. App. 576, 579 (1992).
In his appeal, the plaintiff claims that he was deprived of an opportunity to confront the witnesses who prepared the documents on which the hearing officer relied and at those documents were not reliable on determinative issues because they had been corrected or altered as to some routine entries.
Procedural History
On April 28, 1995, a hearing officer designated by the State's Commissioner of Motor Vehicles conducted a hearing on the charge that the plaintiff had operated a motor vehicle at a time when the ratio of alcohol in his blood exceeded .10 by weight. The exhibits at the administrative hearing included the arresting officer's DWI Arrest and Alcohol Test Failure Report (Form A-44), intoximeter readings, a police department incident report, police questionnaire, arrest report and consent to chemical analysis. At the hearing, the plaintiff argued that the time of arrest stated on the report was not accurate and that he should have an opportunity to cross examine the police officer who filled in arrest and intoximeter forms. The hearing officer made a finding that "[t]he BAC test were [sic] administered within two hours of operation" and concluded, based on review of all the other evidence, that a ninety day suspension of the plaintiff's license was warranted.
The plaintiff's petition for reconsideration was denied on May 4, 1995 with the following explanation:
 The first two BAC tests were invalid because of insufficient breath and Mr. Robinson's coughing. The first valid BAC result of 0.175 was obtained within two hours of vehicle operation as required by law. No material alteration of any document is noted. The hearing officer had sufficient evidence for her findings.
The plaintiff appealed to this court from the determination on reconsideration.
Specific Claims
The plaintiff's claim as set forth in his appeal and as he explained it when he appeared pro se at the administrative hearing and at oral argument before this court is that the police CT Page 14040 reports as to his arrest and the administration of breath tests were subjected to alterations that made them an unreliable basis for the factual conclusions required by § 14-227b. He further claims that he was deprived of an opportunity to confront the police officers who had filled in the forms relied on by the hearing officer.
General Statutes § 14-227b provides that any person who operates a motor vehicle in Connecticut is deemed to have consented to a chemical analysis of his blood, breath or urine if he is arrested for operating a motor vehicle while under the influence of intoxicating liquor. The statute further provides that if the arrested driver submits to a test "commenced within two hours of the time of operation" and the results of the test indicate a blood alcohol level above .10, the police may immediately suspend his license. Subsection (f) provides that a driver whose license has been so suspended may request a hearing by the commissioner or her designee and that the hearing may shall be limited to four issues: 1) probable cause to arrest, 2) actual arrest, 3) the result of a test commenced within two hours of the time of operation, and 4) operation of the motor vehicle.Volck v. Muzio, 204 Conn. 507, 512 (1987).
The plaintiff argues that the hearing officer lacked a reliable basis to make her findings on the above issues. At the hearing, the hearing officer noted that corrections had been made to the case number and spelling of the plaintiff's name. While the plaintiff claimed that the reports were therefore untrustworthy as to the time of the arrest, it was the time of operation of the motor vehicle and the time of commencement of breath testing that were relevant under § 14-227b. The police reports indicate variously that the plaintiff was arrested at "0137" or "0128" [a.m.]. Test records indicate a blood alcohol reading of .179 at 2:37 a.m. after a finding of "insuff. breath" at 2:25 a.m. Further test records indicate readings of .175 at 2:57 a.m. and .159 at 3:44 a.m. Though the test records indicate that the subject was "Karl Robertson", the plaintiff does not contest that he underwent the testing, and the hearing officer was entitled to regard this as a clerical error, not as the result of the testing of another person.
At his hearing, the plaintiff did not testify that he had not been operating a motor vehicle within two hours of the commencement of the breath test. Rather, he argued that the records might not be accurate because other details, such as the CT Page 14041 erroneous spelling of his name, had been corrected. At the hearing, the plaintiff testified that he was stopped at the place identified in the police reports, that sobriety tests were administered at the scene and that he was then arrested and taken to the police station and tested. The plaintiff presented no evidence, either at the administrative hearing or before this court, to establish that the time of the arrest or the time of commencement of testing had been altered in Exhibit A, whether or not other changes were made on police reports. He presented an invoice from a towing service that indicated the time his vehicle was towed as around 2:00 a.m. (the copy in the record is not legible). The hearing officer was not obligated to infer from this a) that the entry on the invoice was accurate or b) that the time that the plaintiff's vehicle was towed indicated when he had been operating it or when testing commenced.
The plaintiff appears to be taking the position that any flaw in the documentation of an arrest and testing for driving under the influence of alcoholic beverages requires a hearing officer to find in favor of the motorist. This is not the law.
Judicial review of the decision of the Commissioner requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact, and whether the conclusions drawn from those facts are reasonable. Substantial evidence exists if the administrative record affords a substantial basis from which the fact in issue can be reasonably inferred. Schallenkamp v. DelPonte, 229 Conn. 31,40 (1994); Connecticut Light Power Co. v. Dept. of PublicUtility Control, 216 Conn. 627, 639-40 (1990). It is not the function of the trial court to retry the case or to decide what weight should be given to particular items of evidence.Schallenkamp v. DelPonte, 229 Conn. 41; Tomlinson v. Board ofEducation, 226 Conn. 704, 713 (1993). The hearing officer was not required to conclude that because certain clerical mistakes had been corrected on the police reports, the time of arrest and time of testing were inaccurate. This court finds that the entries on those documents indicating that within two hours of his arrest the plaintiff had an alcohol level of .170 was sufficient basis for her ultimate determination.
The second ground raised by the plaintiff is that the administrative finding was made on the basis of hearsay and that he was not furnished an opportunity to confront the police officers who made entries on the reports relied upon. CT Page 14042
Reliance on police reports is authorized by Regulation §14-227b-19. A motorist has the option of subpoenaing the police officer if he desires to present evidence beyond that contained in the reports, see Marshall v. DelPonte, 42 Conn. Sup. 602,aff'd, 27 Conn. App. 346 (1992). Regulations § 14-227b-18(b) provides that a person arrested for driving under the influence of alcoholic beverages "may at his own expense and by his own solicitation summon to the hearing the arresting officer and any other witnesses to give oral testimony." That regulation further provides that if an arrested proves that she is indigent, the commissioner shall summon the arresting officer or witness.
The plaintiff did not avail himself of the opportunity provided by the regulations identified above, and his resulting inability to question the arresting officer was therefore a circumstance that she had created by failing to summon the desired witness.
Conclusion
The court finds that the Commissioner's determination was based on substantial evidence and that the plaintiff was not deprived of any claimed right applicable to the administrative hearing at issue. The appeal is dismissed.
Beverly J. Hodgson Judge of the Superior Court